**FEIFEI LI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 12–71646.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2014.*

Filed Feb. 25, 2014.

Katrina Jaffe, Badar Law Group, San Gabriel, CA, for Petitioner.

Dawn S. Conrad, Trial, Kathryn McKinney, Oil, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

## MEMORANDUM **

Feifei Li, a native and citizen of China, petitions review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011). We deny the petition for review.

Li does not contend he suffered past persecution in China, but claims he has a well-founded fear of future persecution because of practice of Falun Gong.

The agency determined Li failed meet his burden of proof for asylum because he did not provide reasonably available corroborating evidence. The record does not compel the contrary finding. *See Ren*, 648 F.3d at 1094; *Shrestha v. Holder*, 590 F.3d 1034, 1047–48 (9th Cir.2010) (explaining "[t]he REAL ID Act expressly permits the agency to require an applicant to provide evidence that corroborates otherwise credible testimony" and finding, "a reasonable trier of fact would not be compelled to conclude that corroborating evidence was unavailable") (internal quotation marks, citation, and emphasis omitted). We reject

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Li's contention that the IJ engaged in impermissible speculation.

**PETITION FOR REVIEW DENIED.**